**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff | : | |
| | : | CRIMINAL NO. 1:CR-00-46-01 |
| v. | : | FILED ELECTRONICALLY |
| | : | |
| R. STEVEN STACKPOLE. | : | |
| | : | |
| Defendant | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO VACATE UNDER 28 U.S.C. § 2255**

**I.   PROCEDURAL HISTORY**

Following a jury trial, on October 6, 2000, the petitioner, R. Steven Stackpole was convicted of all charges in his Indictment, including Conspiracy to commit Mail Fraud, Mail Fraud(11 counts), Conspiracy to commit Money Laundering, Money Laundering (5 counts), and Unlawful Monetary Transactions (7 counts).  Following the verdict Stackpole plead guilty to a Money Laundering Forfeiture count.  The charges stemmed from a fraudulent, Ponzi investment scheme that resulted in more that $3 million in losses to the victims.  On April 11, 2001, Stackpole was sentenced by this Court to 150 months incarceration.

Stackpole's direct appeal  was not successful and his conviction and

sentence were affirmed via an unpublished opinion dated April 3, 2003.[1] A petition for rehearing *en banc* was denied by the Third Circuit on June 24, 2003. Thereafter, a petition for certiorari was denied by the Supreme Court. *Stackpole v. United States*, 124 S. Ct 219 (Oct. 6, 2003).

The instant petition for habeas corpus relief under 28 U.S.C. §2255 was filed September 2, 2004.[2] On November 8, 2004, the Court directed the government to file a Response within 20 days. The government's Response follows.

## II.   SUMMARY OF THE PETITION

Stackpole advances two grounds for relief. The first is an allegation that his trial attorney denied him effective assistance of counsel when he failed to object to Stackpole's return to state custody at the time of his initial appearance before Magistrate Judge Smyser. Noting he was returned to New Jersey for service of a state sentence before his federal charges were adjudicated, Stackpole claims the government violated the Interstate Agreement on Detainers (IAD), 18 U.S.C. App.

---

[1] *See* 64 Fed. Appx. 842, 2003 WL 1785929 (3rd Cir. April 3, 2003)(not selected for publication in the Federal Reporter).

[2] An earlier §2255 petition filed May 5, 2003, was withdrawn by Stackpole and dismissed without prejudice on June 10, 2003, after the Court notified Stackpole by Order dated May 20, 2003, that a subsequent petition raising additional grounds for relief would be precluded by law.

2, and was entitled to have his federal indictment dismissed. In support, petitioner cites *Bozeman v. Alabama*, 533 U.S. 146 (2001)

The second alleged ground for relief is a claim based upon the Supreme Court's recent ruling in *Blakely v. Washington*, 124 S.Ct. 2531 (June 24, 2004). Stackpole claims his sentence is unconstitutional because the Court, and not the jury, enhanced his sentence for various guideline factors, including the loss amount, his aggravated role in the offense, and his perjury during trial. Stackpole also argues the Court, not the jury, improperly ordered him to undergo a term of supervised release and to pay $1.2 million in restitution.

### III.   THE INEFFECTIVENESS OF COUNSEL CLAIM

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court reaffirmed that the Sixth Amendment guarantees a criminal defendant the effective assistance of counsel: "An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." *Id.* at 685. The Court held that a claim of ineffective assistance of counsel has two components -- inadequate performance by counsel, and prejudice resulting from that inadequate performance. The first part of the test requires the petitioner to show counsel's performance was deficient. This requires a showing that counsel made errors so serious counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687.

Even if the petitioner satisfies the first part of the *Strickland* test, he is not entitled to relief unless he can also satisfy the second part by demonstrating that counsel's unprofessional errors actually prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial whose result is reliable. *Id.* at 687. Petitioner has the burden of establishing prejudice, and it is not enough to show the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that could conceivably influence the outcome undermines the reliability of the result. *Id.* at 693. Instead, "[t]he defendant must show that there is a reasonable probability that, *but for* counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (emphasis supplied).

In this case, Stackpole can not meet the first prong of the *Strickland* test - he can not show counsel's performance was deficient. The Interstate Agreement on Detainers (IAD) establishes uniform procedures for lodging and executing a detainer. The IAD, which has been executed by 48 States and the United States, mandates that a receiving State must try a defendant serving a sentence in a another jurisdiction within 120 days of his arrival. *Id.*,§ 2,Art. IV(c). Moreover, if the receiving State returns the prisoner to the sending State prior to trial, charges "shall" be dismissed with prejudice. *Id.*, § 2,Art. IV(e).

However, Stackpole conveniently overlooks another significant aspect of the Agreement. An exception applies where the United States is the receiving State and the prisoner is afforded a hearing prior to his return to the sending State.

> Notwithstanding any provision of the agreement on detainers to the contrary, in a case in which the United States is a receiving State -
> ...
> (2) it shall *not* be a violation of the agreement on detainers if prior to trial the prisoner is returned to the custody of the sending State pursuant to an order of the appropriate court issued after reasonable notice to the prisoner and the United States and an opportunity for a hearing.

18 U.S.C. App. 2, §9 (emphasis supplied).

Such is the situation in the instant case. As Stackpole himself notes, he was afforded a Rule 5, initial appearance hearing before U.S. Magistrate Judge J. Andrew Smyser in Harrisburg, PA on April 18, 2000. Noting that Stackpole was then serving a state sentence in New Jersey, the government recommended Stackpole be released on his own recognizance. After Stackpole's counsel, Thomas Thornton, Esq., concurred with the government's recommendation, Magistrate Smyser ordered the U.S. Marshals to return Stackpole to New Jersey. This procedure was entirely consistent with the IAD and did not constitute a violation requiring dismissal of Stackpole's indictment. *See United States v. Carnes*, 41 F. Supp. 2d 719, 724 (E.D. Mich 1999). The Supreme Court decision cited by Stackpole, *Alabama v. Bozeman*, 121 S. Ct 2079 (2001), is

distinguishable because the federal government was the Sending State, not the receiving State, in that prosecution.

Moreover, the government has ascertained that Stackpole personally concurred in the position advocated by his attorney at the April 18, 2000 hearing. Attached to this petition is a Declaration executed by Attorney Thomas Thornton. In his Declaration Attorney Thornton confirms Stackpole told Thornton he did not want to be incarcerated in the Middle District of PA pending trial and preferred to be returned to New Jersey. *See* Attachment "A." Thus, Stackpole can not possibly meet his burden of showing Thornton denied him effective assistance of counsel.

## IV.   THE *BLAKELY* CLAIM

Stackpole's second contention, that his sentence is unconstitutional because this Court and not a jury determined his sentencing guidelines, is also merit less. Stackpole's argument, which is premised upon the Supreme Court's recent ruling in *Blakely v. Washington*, 124 S.Ct. 2531 (June 24, 2004), is inapplicable to this petition.

The Supreme Court has determined that decisions announcing new rules of procedure like *Blakely* are not retroactively applicable to cases on collateral review. *See Shriro v. Simmerlin,* 124 S .Ct. 2519 (2004)(*Ring v. Arizona*, 122 S. Ct. 2428 (2002) not retroactive to cases on collateral review). New rules of

procedure do not apply retroactively because they do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted via the use of the invalidated procedure might have been acquitted otherwise. Rules that only regulate the manner of determining a defendant's culpability are procedural for retroactivity purposes. *Id.,* at 2524.

*See also* United States v. Swinton, 333 F.3d 481 (3d Cir.)*, cert denied,* 124 S. Ct. 458 (2003)( *Apprendi v. New Jersey*, 120 SW. Ct. 22348 (2000), not retroactive to cases on collateral review).

    Since *Blakely* merely held that juries, not judges, must determine the factors that enhance a defendant's sentence above a proscribed statutory range, and did not alter the range of conduct or the class of persons the law punishes, it constitutes a new procedural as opposed to substantive rule for purposes of retroactively. Therefore, Stackpole can not rely on *Blakely* to challenge his 150 month sentence in the instant § 2255 petition.

## V. CONCLUSION

Wherefore, based on the above, the government respectfully requests the Court deny Stackpole's § 2255 petition.

                        Respectfully submitted,

                        THOMAS A. MARINO
                        UNITED STATES ATTORNEY

                        /s/ Kim Douglas Daniel
                        KIM DOUGLAS DANIEL
                        Assistant U.S. Attorney
                        P.O. Box 11754
                        Harrisburg, Pennsylvania 17108
                        Attorney I.D. P.A. 31038
                        (717) 221-4482
                        (717) 221-4582
                        kim.daniel@usdoj.gov

<div style="text-align:center">

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

</div>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff | : | |
| | : | CRIMINAL NO. 1:CR-00-46-01 |
| v. | : | FILED ELECTRONICALLY |
| | : | |
| R. STEVEN STACKPOLE. | : | |
| | : | |
| Defendant | : | |

<div style="text-align:center">

**CERTIFICATE OF SERVICE BY MAIL**

</div>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on November 16, 2004, she served a copy of the attached

<div style="text-align:center">

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO VACATE UNDER 28 U.S.C. § 2255**

</div>

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

R. Steven Stackpole
Inmate No. 10041-067
FCI Fort Dix (West)
P.O. Box 7000
West Fort Dix, New Jersey 08640

<div style="margin-left:50%">

s/ Amanda L. Lau
AMANDA L. LAU
Legal Assistant

</div>