# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff | : | |
| | : | CRIMINAL NO. 1:CR-00-46-01 |
| v. | : | FILED ELECTRONICALLY |
| | : | |
| R. STEVEN STACKPOLE. | : | |
| | : | |
| Defendant | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENT TO HIS 28 U.S.C. § 2255 MOTION

**I.   PROCEDURAL HISTORY/ SUMMARY OF THE SUPPLEMENT**

The instant motion for habeas corpus relief under 28 U.S.C. § 2255 was filed by the defendant on September 2, 2004.[1]  The petition alleged Stackpole's trial counsel, Thomas Thornton, Esq., provided him ineffective assistance of counsel by failing to object to his return to custody in New Jersey prior to his federal trial in November of 2000.  The petition also sought vacation of his 150 month sentence on the grounds it violated the Supreme Court's June 24, 2004

---

[1] An earlier § 2255 petition filed May 5, 2003, was withdrawn by Stackpole and dismissed without prejudice on June 10, 2003, after the Court notified Stackpole by Order dated May 20, 2003, that a subsequent petition raising additional grounds for relief would be precluded by law.

decision in *Blakely v, Washington*, 124 S. Ct 2531 (2004). Pursuant to the Court's direction, the government filed a Response on November 16, 2004.

On November 30, 2004, Stackpole filed a Supplement to his motion, alleging one additional ground for relief. The Supplement alleged Attorney Thornton was also ineffective for failing to object to the Presentence Report's separate grouping of his mail fraud and money laundering counts. The separate grouping added 2 offense levels to his guideline range (Offense Level 32, Criminal History Category II, Range: 135 - 168 months). Later, in the appeal of a co-defendant, Joseph Cordo, the Third Circuit held that the separate grouping of these counts was improper. *United States v. Cordo*, 324 F. 3d 223 (3d Cir. 2003).

## II. INEFFECTIVENESS OF COUNSEL STANDARDS

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court reaffirmed that the Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. "An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." *Id.* at 685. The Court held that a claim of ineffective assistance of counsel has two components -- inadequate performance by counsel, and prejudice resulting from that inadequate performance. The first part of the test requires the petitioner to show counsel's performance was deficient. This requires a showing that counsel made errors so serious counsel was not functioning as the "counsel"

guaranteed by the Sixth Amendment. *Id.* at 687.

Even if the petitioner satisfies the first part of the *Strickland* test, he is not entitled to relief unless he can also satisfy the second part by demonstrating that counsel's unprofessional errors actually prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial whose result is reliable. *Id.* at 687. Petitioner has the burden of establishing prejudice, and it is not enough to show the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that could conceivably influence the outcome undermines the reliability of the result. *Id.* at 693. Instead, "[t]he defendant must show that there is a reasonable probability that, *but for* counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (emphasis supplied).

### III.  COUNSEL'S PERFORMANCE WAS NOT DEFICIENT

In this case, Stackpole can not meet the first prong of the *Strickland* test - he can not show counsel's performance was deficient or fell below an objective standard of reasonableness. At the time Attorney Thornton filed his objections to Stackpole's Presentence Report in March of 2001,[2] there was no explicit directive

---

[2] Attorney's Thornton's objections consumed 11 pages and addressed 25 specific paragraphs. The objections included challenges to the Report's

from the Third Circuit regarding the grouping of mail fraud and money laundering counts. *United States v. Cordo* was not decided until April 4, 2003, more than two years later. At the time the Report was prepared the Guidelines merely provided general guidance on the subject, instructing one to group counts that involved the same harm, the same victim, or the same act or transaction together. *See* U.S.S.G. §3D1.2.[3] The author of the Report noted there were significant differences between the victims and the harms occasioned by the defendant's conduct.

> This case appears to have two separate victims, and the applicable guidelines (§2F1.1 for mail fraud and §2S1.1 for money laundering) appear to measure two separate harms. The mail fraud has about sixty identified victims who invested over $7,100,000 with the defendant. The money laundering and monetary transaction offenses represent a societal harm perpetrated by the defendant that involved about $677,000 in funds. It would appear that grouping related counts into two separate groups will better capture the total harm caused by the defendant's offense and relevant conduct than a grouping of all offenses into one group.

Presentence Report, para. 49. These distinctions were noteworthy and eventually persuaded this Court to adopt the Report's methodology over co-defendant Joseph Cordo's objection.

---

enhancements for Obstruction of Justice, Vulnerable Victim, Aggravated Role in the Offense, and Abuse of a Private Position of Trust. The Objections also criticized the Report for failing to identify potential grounds for a downward departure (*See* Attachment A).

[3]The Sentencing Commission subsequently amended the Guidelines to explicitly require the grouping of mail fraud and money laundering counts in 2002. *See* U.S. Sentencing Guidelines Manual App. C, Amend. 634 (2002)

> Insofar as the grouping is concerned, I think the guidelines are looking at the same harms and the same victims in determining whether there should be a grouping or not. Here in my mind, we have separate harms and separate victims, and I think that has been well argued by counsel in their presentations. We will not group the two offenses of fraud and money laundering.

*Cordo*, at 229.

Given the legitimate factual support and legal basis for separating the counts, it can not be maintained counsel's failure to note an objection along these lines was deficient or that it fell below an objective standard of reasonableness. The record reveals Attorney Thornton provided competent, professional legal services on Stackpole's behalf both before and after trial. The fact that a co-defendant identified a sentencing issue that was eventually successful on appeal does not mean Thornton's failure to assert those same grounds was deficient. Based upon all of the circumstances, counsel's performance clearly met 6th Amendment standards.

### III.  *US v. CORDO* IS NOT RETROACTIVE TO STACKPOLE'S CASE

The Supreme Court has held that decisions announcing new rules of procedure are not retroactively applicable to other cases on collateral review. *See Shriro v. Simmerlin,* 124 S .Ct. 2519 (2004)(*Ring v. Arizona*, 122 S. Ct. 2428 (2002) not retroactive to cases on collateral review). New rules of procedure do not apply retroactively because they do not produce a class of persons convicted of

conduct the law does not make criminal. Rules that only regulate the manner of determining a defendant's culpability are procedural for retroactivity purposes. *Id.,* at 2524. *See also United States v. Swinton*, 333 F.3d 481 (3d Cir.)*, cert denied,* 124 S. Ct. 458 (2003)( *Apprendi v. New Jersey*, 120 SW. Ct. 22348 (2000), not retroactive to cases on collateral review).

Since *Cordo* merely held that mail fraud counts must be grouped with money laundering counts when calculating a guideline sentence, and did not alter the range of conduct or the class of persons the law punishes, *Cordo* constitutes a new procedural as opposed to substantive rule for purposes of retroactively. Therefore, Stackpole can not rely upon *Cordo* to invalidate his 150 month sentence.

## IV. CONCLUSION

Based on all of the above, the government respectfully requests the Court deny Stackpole's § 2255 petition.

Respectfully submitted,

THOMAS A. MARINO
UNITED STATES ATTORNEY


 /s/ Kim Douglas Daniel
KIM DOUGLAS DANIEL
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, Pennsylvania 17108
Attorney I.D. P.A. 31038
(717) 221-4482
(717) 221-4582
kim.daniel@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| | : | CRIMINAL NO. 1:CR-00-46-01 |
| v. | : | FILED ELECTRONICALLY |
| R. STEVEN STACKPOLE. | : | |
| Defendant | : | |

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on December 8, 2004, she served a copy of the attached

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO VACATE UNDER 28 U.S.C. § 2255**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

R. Steven Stackpole
Inmate No. 10041-067
FCI Fort Dix (West)
P.O. Box 7000
West Fort Dix, New Jersey 08640

                                                            s/ Amanda L. Lau
                                                           AMANDA L. LAU
                                                           Legal Assistant