IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| V. | : CRIM.NO. 1:CR-00-46-01 |
| | : J. Caldwell |
| R. STEVEN STACKPOLE | : |

FILED
HARRISBURG, PA

DEC 23 2004

MARY E. D'ANDREA, CLERK
Per _____

PETITIONER'S REPLY TO GOVERNMENTS'S
RESPONSE TO SUPPLEMENT TO U.S.C. SEC. 2255 MOTION

Petitioner received the government's response in this matter on December 15, 2004.

In the government's response to Petitioner's supplement to his 2255 motion, it alleges that the standards for ineffective assistance of counsel, as set forth in Strickland v. Washington, 466 U.S. 668, (1984) were not met by Petitioner because at the time Attorney Thornton filed his objections to the Petitioner's Presentence Report in March, 2001, "there was no explicit directive from the Third Circuit regarding the grouping of mail fraud and money laundering counts." It further asserts that the Petitioner cannot rely on United States v. Cordo, (Petitioner's co-defendant in this case), because that case was not decided until April 4, 2003. The government's arguments in these respects are faulty and ignore some important basic facts: 1) the case of United States v. Smith, 186 F.3d 290 (3rd Cir. 1999) had been published approximately two years before that, and had established that an inquiry should be made, in cases similar to this one, regarding whether the fraud or the money laundering should be the only one used for sentencing purposes, and whether the money laundering offense guideline should even apply if it was outside of the "heartland" for that type of offense. The grouping of the fraud and the "kickback scheme" into a single unit for purposes of applying the guidelines was deemed appropriate; 2) in United States v. Diaz, 245 F.3d 294 (3rd Cir. 2001), the Third Circuit held that the court must group the charges into a single group in a case similar to the instant one. It should be noted that the Diaz decision was published on March 30, 2001, the week before the Respondent's sentencing hearing; 3) the case of United States v. Cusumano, as noted below,

1

had been decided ten years prior to the sentencing hearing herein. The fact that important Third Circuit decisions were ignored by Mr. Thornton at the time of the hearing is quite significant in examining whether his conduct in this regard fell below an objective standard of reasonableness. The fact that Petitioner's co-defendant actually made the appropriate argument at his sentencing hearing is indicative of what should have been done. The fact that the Third Circuit affirmed what was already the law on the basis of their earlier decisions, only serves as a confirmation that Respondent's counsel indeed failed to make an argument at sentencing that would have ultimately resulted in a difference in the sentencing. The Petitioner is not arguing that the case of U.S. v. Cordo is retroactive. That case, which is the Petitioner's own case, did not establish a new rule of procedure, as asserted by the government. Rather, the Third Circuit affirmed its Cordo decision on the basis of United States v. Cusumano, 943 F.2d 305 (3rd. Cir. 1991), citing also the Smith and Diaz cases. Clearly, the Court did not believe it was pronouncing a new procedural rule in the Cordo case.

Arguably, all of the points raised by Petitioner in his 2255 motion are based on ineffective assistance of counsel, including the Blakely violation, since Blakely was based on Apprendi, and could have been argued with respect to the enhancements. The failure to argue about the violation of the IAD and the grouping clearly meets all of the tests of Strickland, since the results would have been different with respect to each of these issues.

Respectfully submitted,

R. Steven Stackpole

2

## CERTIFICATE OF SERVICE

This is to certify that on December 18th, 2004 I served a copy of Petitioner's reply on the Office of the U.S. Attorney, Harrisburg, Pa., by depositing the same in a U.S. mailbox. The address for the U.S. Attorney office is 228 Walnut St., Harrisburg, PA. 17108.

*[signature]*
R. Steven Stackpole



R. Steven Stackpole (10041-067)
Federal Correctional Institution
P.O. Box 7000 (west), Unit 5850
Fort Dix, NJ 08640

CERTIFIED MAIL
7000 1670 0008 0656 8079

Clerk's Office
United States District Court
Middle District of PA
228 Walnut Street
Harrisburg, PA 17108