```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :
        Plaintiff
                             :
        vs.                  : CRIMINAL NO. 1:CR-00-46-01
                               CIVIL NO. 1:CV-04-1953
                             :
R. STEVEN STACKPOLE.
        Defendant            :
```

M E M O R A N D U M

I.  Introduction

       The Defendant, R. Steven Stackpole, filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255.  The Defendant raises a claim of ineffective assistance of counsel and a claim under *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

II.  Background

       On October 6, 2000, following a jury trial, the Defendant was convicted of mail fraud in violation of 18 U.S.C. § 1341 (Counts I - XI); conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 (Count XII); conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count XIII); unlawful monetary transactions in excess of $10,000 in violation of 18 U.S.C. § 1957 (Counts XIV - XX); and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) & 2 (Counts LIII - LVII).  Subsequent to his conviction, the

Defendant entered a conditional guilty plea to criminal forfeiture pursuant to 18 U.S.C. § 982 (Count LVIII).  The Defendant was sentenced to concurrent terms of 60 months imprisonment on Counts I - XII, 120 months on Counts XIV - XX, 150 months imprisonment on Counts XIII, LIII - LVII, three years supervised release on all counts, an assessment of $2,500, and restitution in the amount of $1,217,699.00.

Stackpole appealed his conviction.  On February 7, 2002, while his appeal was pending, the Defendant filed a § 2255 motion.  We dismissed the motion without prejudice to his filing another motion should his appeal be denied.  The Defendant's appeal was denied by the Third Circuit on April 3, 2003.  *United States v. Stackpole*, 64 Fed. Appx. 842 (3d Cir. 2003).  On May 5, 2003, the Defendant again filed a § 2255 motion.  In response to our order under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), he moved to withdraw the motion and we dismissed it without prejudice.  Stackpole petitioned for certiorari to the United States Supreme Court and on October 6, 2003, certiorari was denied.  *Stackpole V. United States*, 540 U.S. 887, 124 S. Ct. 219, 157 L. Ed. 2d 158 (2003).

On September 2, 2004, the Defendant initiated these § 2255 proceedings pro se.  In his motion, Stackpole raised the following issues: (1) that his attorney was ineffective for failing to object to violations of the Interstate Agreement on Detainers Act (IADA); and (2) that his sentence was

unconstitutional under *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). We directed the Government to file a response. On November 30, 2004, after the government filed its response, the Defendant moved to amend his § 2255 motion. We gave the Government the opportunity to file an opposition brief to the Defendant's motion to amend.

III. Discussion

    A. Motion to Amend[1]

The Defendant seeks to amend his § 2255 motion to add a claim that his attorney was ineffective for failing to object to the court's separate grouping of the mail fraud and money laundering counts at sentencing. In support of his argument, he relies on *United States v. Cordo*, 324 F.3d 223 (3d Cir. 2003).[2] In *Cordo*, the Third Circuit held that the District Court "erred in failing to group [Cordo's] mail fraud and money laundering counts pursuant to § 3D1.2(b), resulting in an incorrect base offense level and sentence." *Cordo*, 324 F.3d at 234. The court reasoned that the money laundering had identifiable victims because the "acts of money laundering and mail fraud were all in

---

[1] The Defendant styled his motion as a motion to supplement which is governed by Rule 15(d) of the Federal Rules of Civil Procedure. The motion, however, is properly considered as a motion to amend under Rule 15(a).

[2] It should be noted that Cordo was Stackpole's co-defendant.

3

furtherance of a single fraudulent scheme." *Id*. at 231-2. The Government responded to the Defendant's motion by arguing that Stackpole cannot show that counsel's performance was deficient and that *Cordo* is not retroactively applicable to Stackpole's case.

Under Rule 15(a), a "party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999). The Defendant, however, sought to amend after the government had responded and can only amend his § 2255 motion upon leave of court. *Id*. at 336-7.[3]

The Defendant's conviction became final on October 6, 2003. His § 2255 motion was timely filed. His motion to amend, however, was filed on November 30, 2004, almost two months after the expiration of the one-year statute of limitations. *See* 28 U.S.C. § 2255. A district court may permit an amendment to a § 2255 motion after the one-year period if it "provide[s] factual clarification or amplification" of the original claims; the original motion was timely filed; and the defendant "does not seek to add an entirely new claim or new theory of relief." *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000). Stackpole's proposed amendment seeks to add an entirely new

---

[3] Although the Defendant asserts in his motion that the Government had yet to respond to his 2255, the Government filed its response on November 17, 2004.

4

claim to his § 2255 motion and his motion to amend will be denied.[4]

    B.   <u>Ineffective Assistance of Counsel</u>

The Defendant's claim of ineffective assistance of counsel is governed by the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* held that an ineffective assistance of counsel claim requires the petitioner to show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064. The reasonableness of counsel's conduct must be judged in light of the facts of the particular case at the time of the event. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.

---

[4] We further note that had we reached the merits of the Defendant's ineffectiveness claim, we would not find trial counsel's performance to be deficient. At sentencing, counsel filed approximately twenty-eight objections to the pre-sentence report, including an objection to a vulnerable victim enhancement that was sustained. *United States v. Maiorano*, 1999 WL 391378 at *2 (E.D. Pa. 1999)(noting that counsel was "extremely effective at sentencing" by lodging numerous objections, including a vulnerable victim objection that was sustained). He also successfully argued that the adjusted offense level for the fraud counts, and not the higher level dictated by the money laundering offenses, should be used to determine the applicable sentence. Further, although there was case law in the Third Circuit indicating that fraud and money laundering counts had been properly grouped together in the past, there was no rule that they must be grouped and counsel is not responsible for predicting the future state of the law. *United States v. Davies*, \_\_\_\_ F.3d \_\_\_\_ (3d Cir. 2004)(stating that counsel has no "duty to predict [what] would become the law of the land.").

In analyzing that performance, the court must make every effort "to eliminate the distorting effects of hindsight," and determine whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Once it is found that counsel's performance was deficient, the court must determine if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

The Defendant argues that he was denied effective assistance of counsel because at his arraignment, counsel failed to object to the shuttling of the Defendant from federal custody to state custody in violation of the IADA and that counsel was ineffective for failing to move for a dismissal of the charges against him because of the IADA violation. The Government argues that since the receiving state under the IADA was the United States, Stackpole's counsel could not have been deficient since the Defendant was afforded notice and an opportunity to be heard prior to his return to state custody as is required under the IADA.

The anti-shuttling provision of the IADA provides that:

6

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. App. 2, §2, art. IV(e).  However, where the United States is the receiving state, Section 9 applies.  Section 9 provides that:

> Notwithstanding any provision of the agreement on detainers to the contrary, in a case in which the United States is a receiving State[:]
>
> (2) it shall not be a violation of the agreement on detainers if prior to trial the prisoner is returned to the custody of the sending State pursuant to an order of the appropriate court issued after reasonable notice to the prisoner and the United States and an opportunity for a hearing.

18 U.S.C. App. 2, §9(2).

In order for the provisions of the IADA to be applicable to the Defendant, a detainer must have been issued. *United States v. Mauro*, 436 U.S. 340, 98 S. Ct. 1834, 56 L. Ed. 2d 329 (1978)(holding that the IADA only applies in transfers to federal custody when a detainer is filed against a defendant and that the use of a writ of habeas corpus *ad prosequendum*, absent the filing of detainer prior to the writ, does not trigger the IADA).  The Defendant has provided no evidence to show that a detainer was ever issued in his case.  Assuming, *arguendo*, that one was issued, we note that the Defendant agreed at his

7

arraignment[5] to be released on his own recognizance from federal custody, with the understanding that he would be returning to state custody.  *United States v. Moses*, 1996 WL 363921 at *4 (E.D. Pa. 1996)("Unlike constitutional rights, courts have held that a waiver of the rights secured by the IADA need not be knowing and voluntary.")(citing cases); *Morrison v. Stepankski*, 839 F.Supp. 1130, 1138 n.10 (M.D. Pa. 1993)("[M]ost courts have held that voluntariness requires no more than a showing of conduct by the defendant or his attorney inconsistent with the preservation of [IADA} rights.").

Further, considering the severity of the offense and circumstances surrounding Stackpole's return to state custody, we fail to see how the Defendant could show prejudice since the IADA also provides that when the United States is the receiving state:

> any order of a court dismissing any indictment, information, or complaint may be *with or without prejudice*. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: The seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the agreement on detainers and on the administration of justice.

18 U.S.C. App. 2, §9(1)(emphasis added).

---

[5] The Defendant claims that the declaration provided by the Government shows that his attorney did not speak with him about his return to state custody until after his hearing.  We do not construe the declaration in this way.

8

### C. Blakely

The Defendant maintains that his sentence was unconstitutionally enhanced by the court at sentencing in violation of *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). The Government argues that *Blakely* cannot be applied retroactively to cases on collateral review as it announces a new procedural, and not a new substantive, rule.

The Third Circuit has held that *Apprendi v. New Jersey,* 530 U. S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) is not retroactive on collateral review. *United States v. Swinton*, 333 F.3d 481, 491 (3d Cir. 2003). We have previously determined that *Blakely*, as a result of the Third Circuit's decision in *Swinton*, does not apply on collateral review. See *United States v. Shade*, No. 1:CR-02-144-02, slip op. at 5 (M.D. Pa. Sep. 7, 2004)(Cladwell, J.); *see also United States v. Stoltz*, 325 F. Supp. 2d 982, 987 (D. Minn. 2004). We do not find that the Court's recent decision in *United States v. Booker*, ___ U.S. ___, 2005 WL 50108 (2005), alters this analysis.

### IV. Conclusion

Based on the foregoing discussion, we will issue an order denying Petitioner's claims and his motion to amend. The order will also deny a certificate of appealability, based on

the analysis in this memorandum.  However, Petitioner is advised that he has the right for sixty (60) days to appeal this order and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

      We will enter an appropriate order.


                                  /s/William W. Caldwell
                                  William W. Caldwell
                                  United States District Judge

Date: January 19, 2005

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
        Plaintiff
                               :

        vs.                    : CRIMINAL NO. 1:CR-00-46-01
                                 CIVIL NO. 1:CV-04-1953
                               :
R. STEVEN STACKPOLE.
        Defendant              :
```

O R D E R

AND NOW, this 19th day of January, 2005, it is Ordered that:

    1. Defendant's 2255 motion (Doc. 237) is denied.

    2. Defendant's motion to amend (Doc. 244) is denied.

    3. Based on the accompanying memorandum, a certificate of appealability is denied.

    4. The Clerk of Court shall close this file.

                                     /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge